## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **DANIEL ALBERTO MONTOYA,** ) | |
|     **ID #02078525,** ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:18-CV-1401-G  (BH) |
| ) | |
| **BRYAN COLLIER, Executive Director,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

### I.  BACKGROUND

Daniel Alberto Montoya (Petitioner), an inmate in the Texas Department of Criminal Justice (TDCJ), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on May 31, 2018 (doc. 1). He challenges his convictions in Cause Nos. F14-31191 and F14-31192 in the 265th Judicial District Court of Dallas County, Texas. The respondent is Bryan Collier, Executive Director of the Texas Department of Criminal Justice (TDCJ).

On May 27, 2016, Petitioner was convicted of aggravated sexual assault and sentenced to 17 years' imprisonment in each case. The judgments were affirmed on appeal. *See Montoya v. State*, Nos. 05-16-00756-CR & 05-16-00757-CR (Tex. App. – Dallas May 31, 2017). It appears from public records that on July 10, 2017, he was granted an extension of time to July 31, 2017, to file petitions for discretionary review, but he failed to do so. *See Montoya v. State*, Nos. PD-0730-17 & PD-0731-17 (Tex. Crim. App. July 10, 2017). He states that he filed state habeas applications

on May 31, 2018, that are still pending.

Petitioner claims that counsel was ineffective for failing to (1) properly investigate the case or prepare for trial by failing to hire an expert witness or return the expert witness fee Petitioner was charged, interview or prepare witnesses for the guilt phase, and adduce witness testimony for the punishment phase; or (2) properly or effectively advocate at critical phases of the trial by failing to present a substantive closing argument at both phases of the trial, obtain a hearing or ruling on the motion to sever cases, object to certain prejudicial testimony and evidence, and present certain mitigating evidence. He claims he reserves the right to add additional grounds upon receipt of the decision of the state habeas court. (*See* doc. 1 at 6-7.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity

to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals. He did not file a petition for discretionary review, and the Court of Criminal Appeals has not decided any state habeas applications. The Court of Criminal Appeals has therefore not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED** on this 12th day of June, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE